ATLANTA ASSOCIATION OF FIRE INSURANCE AGENTS
*et al. v.* McDONALD.

No. 10632.  SEPTEMBER 20, 1935.

*Haas, Gambrell & Gardner, Little, Powell, Reid & Goldstein, Spalding, MacDougald & Sibley,* and *Sidney Smith,* for plaintiffs in error.

*Watkins, Grant & Watkins,* contra.

BECK, Presiding Justice.  The record in this case is voluminous. We have given full consideration to all the assignments of error and the briefs of counsel.  The case is in one respect unusual, if not peculiar, in that it was agreed by counsel for all parties that the court might pass upon questions of fact involved in the motion to recommit, without referring the case again to the auditor, reserving to each party the right to except to any findings of the court as fully as if they had been based upon findings by the auditor.

It is contended that the right of action for the relief awarded by the final decree, if any one is entitled to such relief, is not in the defendant in error, McDonald, but, so far as relates to the things involved in the case, would be in a corporation of which he is a stockholder.  This point is not well taken.  McDonald introduced evidence which supports the auditor's view, as shown by his finding that McDonald had suffered such invasion of his equitable rights as merited relief.

Some months before the case was referred to the auditor, and after the petition had been amended, the court passed an order overruling all demurrers.  No exception to this was entered.  It has therefore been finally adjudicated that the petition as amended set forth a cause of action.  On the hearing before the auditor evidence was introduced tending to support those allegations in the pleadings which were essential to the granting of the relief embraced within the final decree, which relief the auditor had found should be granted.  The report was approved by the court.  In rendering final judgment, the judge filed an opinion with which we are in accord.  It is unnecessary to discuss here in detail all the matters presented by the record.  The opinion and judgment of the court are as follows:

"The plaintiff alleges generally that the defendants individually and collectively through the Atlanta Association of Fire Insurance Agents, herein designated as Association, conspired to injure plaintiff in his business by procuring cancellation of contracts under which plaintiff represented certain insurance agencies, to boycott plaintiff; to unlawfully restrain competition; to obtain a monopoly; and to fix prices in the insurance business. The plaintiff alleges that as a result of said combination agency contracts under which he had operated for years were canceled, and that the defendants are conspiring to cause the cancellation of other agency contracts held by him, and to destroy his business as an insurance agent. These agency contracts were lost, he alleges, as the direct result of the conspiracy, boycott, and threats of defendants acting through the Association and under the by-laws of the Association. The prayers of the plaintiff under his petition as amended are:

"1. That he recover nominal damages.

"2. That the defendants, their agents, officials, employees, and representatives be enjoined from interfering with plaintiff's business, and from preventing him from obtaining the right to continue his business.

"3. That the defendants through the alleged combinations be adjudged to constitute an unlawful restraint of trade and an unlawful coercion and boycott; and that each and all be enjoined from prosecuting and continuing such restraint of trade, boycott, and coercion.

"4. That the defendants be enjoined from preventing any person, firm, or corporation or agent thereof, and from preventing named companies or agents thereof, from doing business with plaintiff.

"5. That the defendants be enjoined from threatening to boycott, or withhold customers and patrons from persons doing business with plaintiff or who propose to do so, and from intimidating or coercing in any manner, directly or indirectly, any insurance company or agent thereof, whether general or special, from doing business with plaintiff.

"6. That defendants be enjoined from circulating among themselves or others the by-laws of the defendant Association, adopted January 29, 1932.

"7. That the defendants be enjoined generally from doing any-

thing that will interfere with plaintiff's business by boycott, publication, joint action, or other restraint.

"The answer of the defendants constitutes a general and complete denial of any purpose to interfere with the plaintiff or his business, and of any illegal act or purpose on their part. The defendants admit the existence of the Atlanta Association of Fire Insurance Agents, and membership therein, and make direct reference to the purposes of the organization as set forth in its charter and by-laws, which, the defendants contend, are legal and for the benefit of themselves, their respective companies, and the public generally, and in no way a violation of the plaintiff's rights.

"The object of the corporation, as set forth in its charter which was granted by the superior court of this circuit, February 3, 1930, is as follows: 'The object of said corporation is not pecuniary gain or profit, but the formation of an organization for the promotion of harmony and good fellowship among its members; for the establishment and maintenance of a code of ethics for the conduct of the local fire, automobile-fire, and theft and tornado insurance business; for upholding and assisting in the enforcement of the insurance laws of the State of Georgia; for social purposes; and for the promotion of the general welfare and best interests of the local insurance.'

"The by-laws of the Association, adopted January 29, 1932, are lengthy, but in effect they bind the members of the Association as follows: 1. Not to do business with non-members, except as provided in its by-laws. A copy of the by-laws appears in the brief of evidence reported by the auditor. 2. Not to accept or retain the agency of any company, including underwriters of same, who has or whose general agent or management has agents within the jurisdiction of this Association who are not members of same. 3. Fines and penalties are imposed for violations of the by-laws of the Association.

"The case was referred to an auditor, December 6, 1933. At that time the plaintiff was seeking the recovery of damages in the sum of $88,264. However, by amendment allowed December 15, 1933, the plaintiff amended his prayer for damages by limiting the same to nominal damages only. After that amendment was allowed, there was no motion on the part of the plaintiff or defendants to revoke the order of reference to the auditor.

"The case is now before the court on: first—a motion to recommit to the auditor; and second—exceptions of law and fact to the auditor's report. Counsel for the parties have agreed that the court may pass upon questions of fact in the case involved in the motion to recommit, without referring the case back to the auditor, and upon all questions of fact in the case, reserving to each party to the case the right to except to any findings of the court as fully and completely as if the same had been passed upon findings by the auditor.

"In his report the auditor has denominated a subdivision thereof as 'Opinion of the Auditor.' In this division the auditor has really made findings of fact without designating them as such. Among them are the following: 1. 'It does not appear from the evidence introduced in this case that the Association was organized for the purpose of controlling premium rates in the insurance business, or commissions paid to insurance agents.' 2. 'The evidence does not justify the inference that defendants' purpose in organizing and operating the Association was to prevent or lessen competition in the insurance business, but rather, as they claimed, to "create a more active competition than otherwise would exist" between stock and mutual fire-insurance companies'. The court holds as a matter of law that the above denominated opinions of the auditor were in fact findings of fact, and holds that the same were justified under the evidence; and also finds the same to be true as independent findings of the court.

"In the same division of the auditor's report the following appear: 1. 'It may also be true, as defendants claimed, that their primary purpose was to provide a medium of exchange of ideas and complete information, to promote the ethics of insurance business, to protect themselves against unfair competition, and to unite and break up the alleged practice of rate-thieving and rebating, as set forth in the answers.' The court finds and holds that the evidence warranted a finding of the auditor to the effect stated, and the court so finds and holds independently of the auditor's findings.

"By-Laws of the Association. The court finds that on January 29, 1932, the members of the Association, acting for and on behalf of the Association, adopted certain by-laws of the Association, which were printed in a pamphlet for distribution among and guidance of the members. Among the provisions of those by-laws are the following:

'1. No member shall represent a mutual company other than those permitted by the S. E. U. A. rules.

'2. No individual, firm, or corporation shall be eligible for membership in this Association if such individual, firm, or corporation, or officers of such corporation, own stock in or operate any insurance agency not a member of this Association.

'3. Active members shall not accept or retain the agency of any company, including underwriters of the same, who has or whose general agent or manager has agents within the jurisdiction of this Association who are not members of same.

'4. Active members shall not accept or retain the agency of any fire-insurance company, including underwriters of the same, when such company is a member of a group or fleet of companies, or is under the management or control of other insurance companies, unless all fire-insurance agents of such companies are members of this Association.

'5. No active member of this Association shall pay directly or indirectly any commission, brokerage, or other valuable consideration to any firm, corporation, or individual on business within the jurisdiction of this Association, except as hereinafter provided.

'6. Active members shall not place business within the jurisdiction of this Association with non-members, unless the facilities of all members have been exhausted, or unless so directed by the assured and an affidavit to that effect filed with the secretary-treasurer within ten (10) days of binding of risk.

'7. Non-resident agents and non-resident brokers will not be required to become members of this Association, and are not eligible to membership.

'8. Members of this Association are permitted to receive business from resident insurance agents who are not members of this Association, provided such member pays no commission or other valuable consideration, whether directly or indirectly, on account of or by reason of such insurance business, either at the time or thereafter, or in any other way or form; and provided further, that such members shall immediately notify the secretary-treasurer of this Association in writing, giving the name of such non-member, character and location of insurance thus received, the amount of the risk, and all other details of the transaction, including the premium charged thereon and therefor; and provided further, that

said member pays to this Association promptly an amount equal to 10% of the total premium involved, which said amount so paid shall go towards promoting the objects of this Association, the fee in no event to be less than $2.00.

'9. Acceptance of business from non-members, except as hereinbefore provided, shall be a violation of the rules of this Association, and subject to the same penalties prescribed in Article xv of the by-laws.'

"10. Article xv of the by-laws provides penalties for violations of the same as follows: (a) For the first offense, suspension for a period of not less than three months, or a fine of not more than $100, or both. (b) For the second offense, suspension for a period of not less than six months, or a fine of not less than $250, or both. (c) For the third offense, expulsion. (d) Failure to pay fine within thirty (30) days from date of written demand by the secretary may result in expulsion of the member at any regular meeting by a majority vote of those present.

"Findings On By-Laws: 1. The court finds that at the time of the filing of this suit the foregoing by-laws were in force, and the Association was operating under the same and held its members bound to respect and abide by the same. 2. The court finds and holds that the provisions of said by-laws with regard to eligibility to membership in the Association were permissible under the law, and were not objectionable for any reason urged against them in plaintiff's petition as amended. The Association had the right to place limitations upon qualifications for membership, to define qualifications for membership, and to deny membership to those who did not measure up to prescribed qualifications of membership, as set forth in its by-laws. 3. The court finds and holds that the limitations upon the members of the Association as made by the by-laws with reference to business transactions with non-members constituted an illegal combination on the part of the members, in the nature of a boycott against non-members, and in this respect were in restraint of trade, under the decisions of the Supreme Court of Georgia in the following cases: *Brown & Allen* v. *Jacobs Pharmacy Co.*, 115 *Ga.* 429 (41 S. E. 553, 57 L. R. A. 547, 90 Am. St. R. 126); *Employing Printers Club* v. *Doctor Blosser Company*, 122 *Ga.* 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694); *Blackmon* v. *Gulf Life Insurance Co.*, 179 *Ga.* 343

(175 S. E. 798), and cases therein cited. Whatever may be the rule in some other jurisdictions, the Supreme Court of Georgia, seems to be committed to the rule that an organization which binds its members to refuse to have business dealings with another or others not members of the Association is an illegal combination in restraint of trade, and in the nature of a boycott; and that such organization and its members may be enjoined from enforcing such a rule, directly or indirectly. ·

"Right of Plaintiff to Prosecute Case. The defendants insist that the plaintiff has not a legal right to prosecute the case, for two reasons: 1. Because he has not the requisite interest in the cause of action to sustain his suit. 2. Because the plaintiff comes into court with unclean hands, because of which the court should refuse him equitable relief. The court will deal with these two questions separately.

"1. Prior to the filing of the suit the plaintiff had held agencies for several companies. He permitted the business of those companies to be written through another agency in which he was a stockholder. That relation was between him and the corporation. His rights under his contracts with those companies were, so far as the defendants are concerned, as between himself and the companies. The by-laws of the Association, if enforced, would affect the plaintiff's right to acquire agencies for still other companies, requiring them to choose between the friendly support and co-operation of the Association and its members on the one hand, and of the plaintiff on the other. Therefore the court finds and holds that the plaintiff has such interest in the subject-matter of this suit as to justify him in filing and prosecuting the same to an adjudication.

"2. The court finds and holds that the plaintiff, not being a member of the Association, and being legally excluded from membership therein, was not entitled to the benefit of information which the Association and its members had obtained with much expense to them; and that he was not justified in seeking to obtain this information through others who may have placed themselves in a position with the Association to receive the same. Having done this, the plaintiff is not in a favorable position before the court with respect to the information thus improperly acquired. However, the suit is not with respect to the information referred to. It is

directed against an alleged illegal combination on the part of the Association and its members to injure the plaintiff and all other persons similarly situated. Therefore the court finds and holds that the plaintiff should not be deprived of the right to prosecute this suit based upon the alleged illegal' combination, boycott, and restraint of trade because he himself has been guilty of improperly obtaining information which the Association had acquired at much expense to itself and its members.

"Cancellation of Agencies. The court finds that the plaintiff had held agencies with Hurt & Quin, and with J. F. Lewis & Co., for a number of years, and his relations to those parties were acceptable and satisfactory to them. The court finds that each of those two persons chose to cancel their agencies after the Association and its members had adopted the by-laws herein referred to, with reference to business dealings with non-members of the Association; and the court finds and holds, what to it seems to be the only reasonable conclusion, that the cancellations of the agencies referred to would not have been made had it not been for the objectionable by-laws referred to. Those two persons were forced to choose between the friendly association and co-operation of the Association and its members on the one hand, and the plaintiff on the other, who did not enjoy the co-operation of the Association and its members, and who would not do so under the provisions of the by-laws referred to.

"Nominal Damages. In view of the findings of the court as hereinbefore made, the court is of the opinion that the auditor was justified in finding in favor of the plaintiff, and against the defendants, the sum of $6.00 as nominal damages; and the court so finds in the case both upon and independently of the findings of the auditor.

"Agreement of Counsel. The agreement of counsel in the case presents a unique situation as to exceptions to the auditor's report. It gives the court the right to pass upon all issues in the case, independently of the auditor's findings, and to deal with the exceptions to the findings of the auditor, also. In view of this agreement the court is of the opinion that the same technical manner in passing upon exceptions to an auditor's report is not required that would be required but for this agreement of counsel. Wherefore the court holds as follows, with respect to the motion to re-

commit, and the exceptions of law and of fact to the auditor's report and findings, to wit,

"1. The motion to recommit is denied.

"2. Each and all of the exceptions of fact are overruled, except as they may be modified by the findings of the court as herein made.

"3. Each and all of the exceptions of law are overruled, except as they may be modified by the findings of law as herein made. The decision of the court will be based upon the express findings of fact as made by the court in this order. Wherefore it is ordered and adjudged by the court as follows:

"1. That the plaintiff have and recover of the defendants the sum of $6.00 as nominal damages.

"2. That the defendants, their agents, officials, employees, and representatives be permanently enjoined from interfering with plaintiff's business, and from preventing or attempting to prevent him from obtaining the right to continue his business and to represent such insurance companies as may see fit to entrust him with their business.

"3. That the by-laws of the Association with reference to business relations on the part of its members with non-members of the Association and with those who do business with non-members of the Association constitute an illegal agreement and combination on the part of the defendants in restraint of trade, and as a boycott against the plaintiff; and that each and all of the defendants, their officers, agents, employees, and representatives be and they are hereby permanently enjoined from continuing said objectionable by-laws as by-laws of the Association, and from enforcing or attempting to enforce the provisions of the same, or like provisions, either directly or indirectly.

"4. That the defendants be and they are hereby enjoined permanently from preventing or attempting to prevent any person, firm, corporation, or agent thereof from doing business with the plaintiff, or those who do business with those who have business relations with the plaintiff.

"5. That the defendants and each of them be and they are hereby enjoined from boycotting or threatening to boycott or withhold customers and patrons from persons doing business with the plaintiff, or who propose to do so, and from intimidating or coercing or attempting to intimidate or coerce in any manner,

directly or indirectly, any insurance company, officer, or agent thereof, whether general or special, from doing business with plaintiff, or those who do business with the plaintiff, or those who have business relations with those who do business with the plaintiff.

"6. That the defendants and each of them be and they are hereby enjoined from circulating or distributing among themselves or others the provisions of the by-laws herein referred to, or like matter, and from doing anything that would interfere with or tend to interfere with plaintiff's business by boycott, publication, joint-action, or other restraint.

"The case was referred to the auditor because of the prayer for damages to the plaintiff's business, which would require an investigation as to the income of the plaintiff from the various sources referred to. However, within a few days after the order of reference the plaintiff struck from his petition all prayers for damages except nominal damages, thus relieving the court of the detailed investigation of plaintiff's business which otherwise would have been necessary. The remaining issues might have been passed upon by a jury; but neither the plaintiff nor the defendants brought to the attention of the court the change in the condition of the case, or requested a revocation of the order referring the case to the auditor, which reference had been made at the instance of the defendants and over the objections of the plaintiff. In view of these facts, the court is of the opinion that one fourth (1/4) of the auditor's fee and the fee for reporting the evidence should be taxed against the plaintiff and three fourths (3/4) of the auditor's fee and of the fee for reporting the evidence should be taxed against the defendants. It is ordered, therefore, that the auditor's fee be and the same is hereby fixed at the sum of $1000, taxed and to be paid as follows: One fourth (1/4) thereof by the plaintiff, and three fourths (3/4) thereof by the defendants. It is further ordered that the fee for reporting the evidence be taxed against the parties in the same proportions; and that all court costs other than the auditor's fee and the fee for reporting the evidence be taxed against the defendants jointly and severally; and judgment is entered accordingly."

The bill of exceptions complains of the way in which the court below taxed the auditor's fee and the court costs. We find no abuse of discretion here.

*Judgment affirmed. All the Justices concur.*