## 54422. CLEVELAND v. PLEASURETIME DEVELOPMENT CORPORATION.

BELL, Chief Judge.
This is a suit to recover on a promissory note executed by defendant and payable to plaintiff in the amount of $13,000. The defense of no consideration was raised. The case was tried by the court who found for plaintiff in the amount of $3,009, plus interest and attorney fees. A judgment was entered accordingly. *Held:*
It was shown through the testimony of plaintiff's secretary-treasurer, the only witness, that defendant was indebted to a third party, Young, for services rendered by the latter. Defendant paid Young "part in cash" and "part in notes." Young tendered the notes to plaintiff for the purpose of getting "immediate cash" but plaintiff refused to take them. Young "returned" to defendant and de -

fendant then executed a promissory note for $13,000 payable to plaintiff and plaintiff then gave Young $1,500 in cash and paid $1,509 to Young's creditors in payment of his antecedent obligations. Plaintiff made an election during this witness' testimony to limit its recovery to $3,009 of the face amount of the note. On cross examination, this same witness was asked whether it was indicated to defendant that the latter's notes would be discounted and he answered that the "possibility would exist, yes." The note was not paid. Defendant offered no evidence. The trial court found as fact that plaintiff gave defendant consideration to the extent of $3,009 which amount was in default and that the interest and attorney fees were computed on this lesser amount.

Defendant's only argument is that the "agreed consideration" for defendant's execution of the note was that plaintiff was to "discount" the note and since it did not, defendant received no consideration. This argument is based on the testimony that the plaintiff might "possibly" discount defendant's note, which it did not. It would be necessary in order for the defendant to prevail, for the evidence to demand a finding that this agreement to discount was the only consideration. The evidence does not so demand. The evidence authorizes the court's finding of fact that plaintiff gave consideration in the amount of $3,009. It may be fairly inferred from the evidence that defendant was indebted to Young and plaintiff paid Young $1,500 cash plus paying his creditors in the amount of $1,509. This discharged defendant's debt to Young to this extent. The evidence authorized the findings of fact, conclusion of law and the judgment for plaintiff. Furthermore, as there is evidence showing the note was given in payment of an antecedent obligation, no consideration was necessary. Code § 109A-3—408.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 13, 1977.

*Joseph J. Felker, Jr.,* for appellant.
*Windham, Hislip, Goodman & Leathers, James D.*

*Windham, Gerrilyn G. Brill,* for appellee.