## 60920. ADAMS v. CROWELL.

SOGNIER, Judge.

Appellant Adams purchased a fishing camp from appellee Crowell and Mabel Bryan. On March 18, 1977 appellant gave Crowell and Bryan $35,000 in cash and in return received a warranty deed for the property. On March 21, 1977, appellant signed a note for $20,000 plus interest in favor of Crowell. Payment on the note was to be made over a period of five years in equal payments of $4,000 plus interest. Appellant made one payment and thereafter, defaulted on the note. Crowell sued Adams for the balance due on the note plus interest and attorney fees. The trial court, sitting without a jury, entered judgment in favor of appellee. We affirm.

1. Appellant contends that the trial court erred by entering judgment for appellee because the note was totally lacking in consideration, and because the note was subsequent to the original agreement of sale and without additional consideration. Appellant testified that the total price for the fishing camp was $35,000, and that she signed the note in question only because her husband instructed her to do so. Appellee testified that the total price agreed upon for the fishing camp was $55,000, and the $20,000 note represented the balance due from appellant.

Failure or want of consideration is a defense to a note as against any person who does not have the rights of a holder in due course, but "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Code Ann. § 109A-3—408; *Smith v. Rothstein,* 131 Ga. App. 632, 633 (206 SE2d 592) (1974); *Cleveland v. Pleasuretime Develop. Corp.,* 143 Ga. App. 518, 519 (239 SE2d 203) (1977). Apparently, the trial court found the note to be payment for an antecedent obligation (the contract to purchase the fishing camp). The findings of a judge acting as a jury will not be disturbed if there is any evidence to support the judgment. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978).

2. Appellant also contends that the trial court erred by failing to find that appellee was barred from suit on the note because of her unclean hands. Appellant contends that because Mabel Bryan, co-tenant of the property at the time of sale, was not a party to the promissory note, appellee intended to deprive Bryan of her share of the $20,000. However, the evidence shows that Bryan received cash in exchange for her interest in the fishing camp, and there is no evidence to indicate that she was to receive any more from the sale of the property, or that she had any claim against the parties involved here.

The unclean hands maxim applies to equitable rights which relate directly to the cause of action. It does not embrace matters outside the subject-matter of the action. *Atlanta Assn. Fire Ins. Agents v. McDonald,* 181 Ga. 105 (2) (181 SE 822) (1935); *Morton v. Gardner,* 242 Ga. 852, 854 (252 SE2d 413) (1979). Hence, the equitable principle raised has no application to this case.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1981.

*George M. Saliba* for appellant.
*Reuben H. Yancey,* for appellee.