## 60666. RUCKER v. BLAKEY.

BIRDSONG, Judge.

This case concerns the granting of plaintiff-appellee's motion to strike the answer of defendant-appellant, Perry Lewis Rucker, and entering judgment by default, after finding the appellant wilfully and in bad faith failed to answer interrogatories.

On February 6, 1980, appellee filed in the Superior Court of Elbert County a complaint, along with interrogatories, against appellant and his mother, Mrs. Susie Mae Rucker. Appellants were served on February 8, 1980. On February 25, 1980, Mrs. Rucker's carrier, International Indemnity Co. filed a suit for declaratory judgment questioning its liability as carrier for appellant. On February 28, 1980, International presented to appellant a reservation of rights letter.

On March 25, 1980, appellant's counsel contacted appellee's law firm to request an extension of time to file answers to the interrogatories. The two counsel failed to make contact on that date despite what appears to have been a good faith effort on the part of Rucker's counsel to do so. On that same day at 5:00 p.m. appellee filed a motion to strike appellant's answer for failure to file answers to appellee's interrogatories. Appellee's counsel indicated "had Mr. Bushell [appellant's counsel] telephoned me for an extension, I would have given it to him." There was further discussion between counsel concerning interrogatories and depositions on March 27, 1980, with agreement to take them in both the principal case and the declaratory judgment case at the same time. Nevertheless, appellee's motion to strike Rucker's answer remained before the court. (The appellant's deposition was taken on April 9, 1980, and filed on April 10, 1980, the day of the hearing, 62 days after service. They were before the court in the hearing on the motion to strike.)

Clearly, the appellant did not file answers to the interrogatories by March 24, 1980, the 45th day, as required by statute. Code Ann. § 81A-133 (CPA § 33). The trial court was authorized by statute to grant the motion to strike and order default judgment. Code Ann. § 81A-137 (CPA § 37).

". . .Code Ann. § 81A-137 (d) is identical to Rule 37 (d) of the Federal Rules which has been interpreted to require 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary noncompliance.' Weston & Brooker Co. v. Continental Casualty Co., 303 F2d 91, 93." *Smith v. Mullinax,* 122 Ga. App. 833 (3) (178 SE2d 909). In this case the trial court found that counsel's failure to contact his client (appellant Rucker) was because it was inconvenient. Historically, it has been the policy of our appellate courts to refuse to interfere with the exercise of a trial court's discretion except in cases of clear abuse. This policy is applicable to the exercise of the broad discretion granted him under the discovery provisions of the CPA and particularly Code Ann. § 81A-137 (d). *Merrill Lynch &c. Inc. v. Echols,* 138 Ga. App. 593, 595 (226 SE2d 742). There is evidence in support of the finding and no evidence of a clear abuse of the court's discretion in this case.

Nor is it significant that prior to the hearing on the motion to dismiss Rucker's plea, a deposition was taken and answers filed. There was a second suit involved in which the deposition was equally as usable as in the present litigation. This court previously has held that late-answers to interrogatories which were filed after the propounder had filed a motion seeking the sanction of dismissal does not nullify the motion. *Bratten Apparel v. Lyons Textile Mill,* 129 Ga. App. 384, 385 (199 SE2d 632); *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777). To hold otherwise would completely nullify the effect of Code Ann. § 81A-137 (d), for routine acceptance of late filing would have the effect of casting the procedure for sanctions caused by late filing under Code Ann. § 81A-137 (a), (b) and (c), requiring an order and that order's violation before sanctions could be imposed, and thereby precluding the sanctions of Code Ann. § 81A-137 (d) and vitiating the discretion of the trial court even without order as contemplated and set forth therein. *Morton v. Retail Credit Co.,* supra, p. 731.

*Judgment affirmed. Deen P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 20, 1981 —

*William C. Bushnell,* for appellant.
*James I. Roberts,* for appellee.