67889. DANGER v. STROTHER.

BENHAM, Judge.

Appellant/defendant, J. M. Danger, individually and d/b/a J. M.

Danger Realty & Auction, brings this appeal from an order of the Superior Court of Hancock County dismissing appellant's answer and entering judgment for appellee due to appellant's failure to respond to interrogatories and to a motion for production of documents.

This appeal arose out of a breach of contract suit filed against Danger on a real estate transaction. The answer and counterclaim were timely filed, and plaintiff initiated discovery proceedings by filing a motion for production of documents on March 5, 1982, and by filing interrogatories on April 7, 1982. No response was made to either discovery request and, on May 19, 1982, plaintiff filed a motion for sanctions under OCGA § 9-11-37 (d) due to defendant's failure to respond. The hearing on the motion was scheduled for June 7, 1982. On June 4, 1982, which was after the filing of the motion for sanctions but before the scheduled hearing date, defendant filed answers to interrogatories but made no response to the motion for production of documents. On the scheduled hearing date of June 7, 1982, the parties announced to the court that they had agreed to the allowance of additional time for defendant to respond; however, the parties are in dispute as to how much time was agreed upon and no record was made of that proceeding. At the next regularly scheduled motion calendar on July 19, 1982, plaintiff and her counsel appeared, but neither defendant nor his attorney appeared. After a hearing, the court granted plaintiff's motion for sanctions, struck defendant's answer and counterclaim, and entered judgment for plaintiff. On August 20, 1982, defendant filed a motion to set aside the judgment. The trial court denied the motion, and it is from that denial that this appeal is brought.

1. Appellant claims that it was error for the trial court to grant a motion for sanctions and default judgment, since the prerequisite of filing a motion to compel under OCGA § 9-11-37 (a) had not been met.

OCGA § 9-11-33 provides that interrogatories must be answered within 30 days, and the record in this case clearly shows that answers were not filed within the time provided by law nor was an extension of time sought. When such a failure occurs, a motion to compel discovery can be filed under § 9-11-37 (a) or immediate sanctions can be sought under § 9-11-37 (d), which provides for the harsher *penalty of dismissal.* "The general scheme of the rule is that ordinarily sanctions can be applied only for a failure to comply with an order of the court . . . *The only exceptions to this scheme are Rule 37 (d) [OCGA § 9-11-37 (d)], which permits an immediate sanction against a party for a complete failure to respond to . . . interrogatories, or a request for inspection . . .*" *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 438 (254 SE2d 825) (1979).

The motion for sanctions clearly states that it is brought under §

9-11-37 (d) and not (a). Therefore, appellant's contention is meritless.

2. Contending that the trial court lost the authority to impose sanctions once answers to interrogatories, though late, were filed prior to the hearing, appellant argues that it was error for the trial court to grant the motion for sanctions and to enter judgment. This contention has no merit.

"This court previously has held that late-answers to interrogatories which were filed after the propounder had filed a motion seeking the sanction of dismissal does not nullify the motion. [Cits.] To hold otherwise would completely nullify the effect of Code Ann. § 81A-137 (d) [OCGA § 9-11-37 (d)], for routine acceptance of late filing would have the effect of casting the procedure for sanctions caused by late filing under Code Ann. § 81A-137 (a), (b), and (c) [OCGA § 9-11-37 (a), (b), and (c)], requiring an order and that order's violation before sanctions could be imposed, and thereby precluding the sanctions of Code Ann. § 81A-137 (d) [OCGA § 9-11-37 (d)] and vitiating the discretion of the trial court even without order as contemplated and set forth therein. [Cit.]" *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158) (1981).

3. In appellant's third enumeration of error it is contended that the trial court erred in imposing sanctions and granting judgment because there was no showing that the delay was wilful.

While we agree with appellant's contention that wilfulness must be shown before the harsh sanction of dismissal of pleadings can be imposed (*Frady v. Irvin*, 245 Ga. 307 (2) (264 SE2d 866) (1980); cf. also *Phillips v. Peachtree Housing*, 138 Ga. App. 596 (226 SE2d 616) (1976)), we do not agree with his conclusion that no wilfulness was shown, since the trial court made the following finding: "The Court finds that the total disregard of Plaintiff's Motion for Production of Documents and the late filing (85) days intervening from the date of service to the date of filing of answers to Plaintiff's Interrogatories evidence a total and wilful disregard for Plaintiff's rights and for the law and the authority of this Court. In terms of law the actions of the Defendant were wilful." For this reason, we find appellant's third enumeration of error to be without merit.

4. Appellant's fifth enumeration assigns error to the trial court in granting judgment for damages, attorney fees, and exemplary damages.

OCGA § 9-11-55 (a) provides, inter alia, that once a case is in default, plaintiff "shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence [as to] damages . . ."

This is the exact procedure followed in the case sub judice; therefore, we find appellant's fifth enumeration to be without merit.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1984.

*Roosevelt Warren*, for appellant.
*G. William Jessee, Sr.*, for appellee.