76575. BELLS FERRY LANDING, LTD. v. WIRTZ et al.
(373 SE2d 50)
BIRDSONG, Chief Judge.
The plaintiff appeals from the trial court's grant of defendants' motion to dismiss the complaint.

Plaintiff filed suit on December 20, 1986, for breach of lease and rent arrearage. Following their answer, defendants filed interrogatories on April 24, 1987. The plaintiff did not answer the interrogatories within the time required by law. On June 22, defendants filed a motion to dismiss pursuant to authority of OCGA § 9-11-37 (d). Still, the plaintiff did not answer. Finally, on August 1, plaintiff filed answers to interrogatories and a reply to defendant's motion to dismiss. The trial court granted defendants' motion to dismiss, and the plaintiff complains the court abused its discretion in so doing, because there was no showing or finding of wilfulness of the plaintiff. *Held*:

The trial court did not abuse its discretion in this case. The judge, "[a]fter considering arguments of counsel, citations of authority and the entire record," specifically found the plaintiff not only failed to respond to interrogatories in a timely fashion, but failed to seek an extension of time and failed even to contact defendants concerning the problem, or even to respond to the motion to dismiss. The trial court found "[t]here is no apparent justification for Plaintiff's complete failure to respond to Defendants' discovery request."

This finding is sufficient to authorize the trial court to dismiss the complaint. There is no requirement that the plaintiff display and the trial court find actual "wilfulness." See *Sta-Power Indus. v. Avant*, 134 Ga. App. 952 (2) (216 SE2d 897). The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only " ' "a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." ' " *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593, 594 (226 SE2d 742). "A conscious or intentional failure to act" is in fact "wilful." *Sta-Power Indus.*, supra. The trial court found the plaintiffs had no justification for failing to comply with the statutory provisions of the CPA; this means the court found the plaintiff's failure was not accidental. We must presume the facts in the case support this finding (*Merrill Lynch*, supra), and that this exercise of its discretion was authorized. It must be so in this case, because no excuse has been suggested to us, either. Plaintiffs who file lawsuits and put defendants to the expense and trouble to answer, should at least prosecute their actions efficiently and diligently; the CPA authorizes dismissal in a case like this.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Martin L. Fierman*, for appellant.
*Richard L. Powell*, for appellees.