A89A0522. EVANS v. EAST COAST INTERMODAL SYSTEMS, INC. et al.
(382 SE2d 743)

POPE, Judge.
On April 15, 1988 plaintiff Daisey P. Evans filed a complaint against defendants for personal injury arising out of an automobile collision. Pursuant to plaintiff's consent to an extension of time to respond, defendants filed a timely answer to the complaint on June 27, 1988 along with interrogatories to plaintiff and a request to plaintiff for production of documents. Plaintiff failed to respond to defendants' discovery requests and on October 4, 1988 defendants filed a motion to dismiss. The order granting defendants' motion to dismiss was signed by the trial judge on October 7 and entered in the record by the clerk of the court on October 10, 1988. Plaintiff appeals on the ground that the court erred in failing to afford plaintiff thirty days in which to respond to the motion, pursuant to Rule 6.2 of the Uniform Superior Court Rules, before the motion to dismiss was granted.

Pursuant to OCGA § 9-11-37 (d) (1) the trial court may impose the immediate sanction of dismissal for plaintiff's failure to respond to defendant's discovery requests. *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577 (359 SE2d 441) (1987). "The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." (Citations and punctuation omitted.) *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988). The reasons set forth in the motion for rehearing, filed by plaintiff in the lower court, do not show the failure to respond was accidental or involuntary. Under the circumstances found in this case the trial court is authorized to dismiss the complaint. Accordingly, the dismissal of the complaint before plaintiff was afforded a thirty-day opportunity to respond to the motion was harmless error. See *Segrest v. Intown True Value Hardware*, 190 Ga.

App. 588 (379 SE2d 615) (1989).
*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1989.

*Larsen & Larsen, W. Washington Larsen, Jr.*, for appellant.
*Dickey, Whelchel, Brown & Readdick, John E. Bumgartner*, for appellees.