A90A2018. BARRON v. SPANIER et al.
(403 SE2d 88)

POPE, Judge.

Plaintiff Sarah Barron filed a complaint for medical malpractice against defendant Jacob Spanier, M.D., on August 21, 1989. Defendant filed a timely answer and served interrogatories upon plaintiff on October 23, 1989. When a timely response was not received, defendant's attorney made a good faith effort to resolve the matter, as required by Rule 6.4 (B) of the Uniform Superior Court Rules, by writing a letter to plaintiff's attorney requesting a response by December 11, 1989. The secretary for plaintiff's attorney called defendant's attorney and advised him that a response would be served by December 15. Defendant filed a motion to dismiss for total failure to respond to his discovery request on December 28, 1989. Finally, a response to defendant's interrogatories was served January 9, 1990. The only argument in opposition to defendant's motion to dismiss, raised by plaintiff in a brief which was untimely filed, was that the motion to compel could not be granted because defendant did not first obtain an order compelling plaintiff to respond to discovery. Plaintiff appeals the order dismissing the complaint.

The appellate courts of this state have repeatedly held that a to-

tal failure to respond to a discovery request subjects a party to immediate sanctions pursuant to OCGA § 9-11-37 (d). See, e.g., *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (254 SE2d 825) (1979); *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577 (359 SE2d 441) (1987); *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (2) (343 SE2d 749) (1986); *Danger v. Strother*, 171 Ga. App. 607 (1) (320 SE2d 613) (1984); *Wetherington v. Koepenick &c.*, 153 Ga. App. 302 (1) (265 SE2d 107) (1980). Thus, contrary to plaintiff's argument below, defendant was not required first to obtain an order compelling plaintiff to respond to his interrogatories. Nor does the fact that plaintiff ultimately filed a response after defendant filed his motion to dismiss save plaintiff from the sanction of dismissal. See *Singleton v. Eastern Carriers*, 192 Ga. App. 227 (3) (384 SE2d 202) (1989); *Danger v. Strother*, supra at (2); *Rucker v. Blakey*, 157 Ga. App. 615 (278 SE2d 158) (1981).

On appeal, plaintiff argues the trial court erred in finding the failure to respond was wilful; but no explanation or excuse is offered for plaintiff's failure except for admitting the failure was careless and showed unvigorous prosecution of the case. "There is no requirement that the [party subject to sanctions] display and the trial court find actual 'wilfulness.' The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." (Citations and punctuation omitted.) *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988). Where, as here, the only reason set forth by the party who failed to respond to discovery does not show the failure was accidental or involuntary, dismissal is appropriate. See *Evans v. East Coast Intermodal &c.*, 191 Ga. App. 749 (382 SE2d 743) (1989). See also *Wetherington v. Koepenick &c.*, supra.

Because the applicable law is indisputably clear and plaintiff's appeal has no arguable merit we impose a penalty for frivolous appeal, pursuant to Rule 26 (b) of the Rules of the Court of Appeals, and we direct the trial court to impose upon plaintiff a penalty of $500 upon receipt of the remittitur.

*Judgment affirmed with direction. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991.

*Carl A. Johnston*, for appellant.
*Love & Willingham, John A. Gilleland, Thomas K. Foster*, for appellees.