A92A0546. ADDINGTON v. ANNEEWAKEE, INC.
(420 SE2d 60)

CARLEY, Presiding Judge.

After appellant-plaintiff failed to appear at a scheduled deposi-tion, appellee-defendant moved for sanctions. The trial court granted appellee's motion and dismissed appellant's complaint, finding that appellant had "wilfully failed to appear at depositions and to partici-

pate in the discovery process." Appellant appeals from this order.

OCGA § 9-11-37 (d) (1) provides, in part, that, if a "party fails to appear before the officer who is to take his deposition, after being served with a proper notice . . . , the court in which the action is pending on motion may . . . take any action authorized under [OCGA § 9-11-37] (b) (2) (A) through (b) (2) (C). . . ." OCGA § 9-11-37 (d) "authorizes a dismissal or default judgment for wilful failure to be deposed or to answer interrogatories." *Maxey v. Covington,* 126 Ga. App. 197, 199 (190 SE2d 448) (1972). "Proper notice" of deposition may be made by serving a party's attorney of record, and does not require actual notice to the party himself. OCGA § 9-11-5 (b); *Carter v. Merrill Lynch &c.,* 130 Ga. App. 522, 523 (2) (203 SE2d 766) (1974). In the instant case, the trial court was authorized to find that "proper notice" had been served on counsel and that appellant's "[f]ailure to maintain contact and cooperate with [his] counsel about the pending litigation so that discovery can be made [was] wilful misconduct." [Cits.] *Phillips v. Peachtree Housing,* 138 Ga. App. 596-597 (3) (226 SE2d 616) (1976). See also *Swindell v. Swindell,* 233 Ga. 854, 857 (3) (213 SE2d 697) (1975). "The result is the same even though the party may claim that it was *counsel* who failed to communicate with *him.* [Cit.] '[A party] may authorize his attorney to act for him but he cannot transfer his responsibility to act.' [Cit.]" (Emphasis in original.) *Thurman v. Unicure, Inc.,* 151 Ga. App. 880, 882 (2) (261 SE2d 785) (1979).

" 'This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. (Cits.)' [Cit.]" *Nixon v. Sandy Springs Fitness Center,* 167 Ga. App. 272 (1) (306 SE2d 362) (1983). "The trial [court] is the trier of fact and [its] finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it." *Wetherington v. Koepenick & Horne,* 153 Ga. App. 302, 304 (2) (265 SE2d 107) (1980). "There was . . . some evidence upon which the trial court's finding [of wilfulness] was based, and it did not abuse its discretion in [dismissing the complaint for appellant's wilful failure to attend a scheduled deposition]." *Swindell v. Swindell,* supra at 857 (3). "Nor is it significant that prior to the hearing on the motion to dismiss [appellant's complaint his] deposition was [in fact] taken. . . . This court previously has held that [responses made to discovery requests only] after the propounder had filed a motion seeking the sanction of dismissal [will] not nullify the motion. [Cits.]" *Rucker v. Blakey,* 157 Ga. App. 615, 616 (278 SE2d 158) (1981). See also *Merrill Lynch, &c. v. Echols,* 138 Ga. App. 593, 594-595 (2) (226 SE2d 742) (1976).

*Judgment affirmed, Pope and Johnson, JJ., concur.*

DECIDED JUNE 9, 1992.

*Sumner & Hewes, William E. Sumner, David A. Webster,* for appellant.

*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, Long, Aldridge & Norman, Phillip A. Bradley, Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Kevin B. Buice, Mozley, Finlayson & Loggins, William D. Harrison,* for appellee.