A92A1213. FIDELITY ENTERPRISES, INC. et al. v. HEYMAN & SIZEMORE et al.
(426 SE2d 177)

BIRDSONG, Presiding Judge.

Fidelity Enterprises, Inc. and Daisy F. Peppers ("Fidelity") appeal the order of the superior court dismissing their complaint against Ben Weinberg, Jr., Dan B. Wingate, Robin Peek, and Long, Weinberg, Ansley & Wheeler because Fidelity did not respond to appellees' interrogatories. Fidelity contends the trial court abused its discretion in dismissing the complaint against appellees because the dismissal was not supported by the evidence or the laws of this state. *Held*:

1. The record shows that the litigation giving rise to this appeal began over 20 years ago. In this instance, appellees are attorneys who defended Fidelity's former attorneys when Fidelity sued those attorneys. Thereafter, Fidelity brought this action against appellees, the former attorneys, and the official court reporter in which the earlier case was tried contending, inter alia, the defendants had conspired to alter the official transcript of the trial in their earlier action.

Appellees responded to the complaint and on March 15, 1991, served Fidelity with interrogatories. On March 19, 1991, Fidelity sought and obtained an extension of 30 days in which to respond to the interrogatories, but no further extensions were sought or obtained. Fidelity, however, did not respond to these interrogatories until December 3, 1991.

On October 30, 1991, appellees moved to dismiss the complaint as a sanction for Fidelity's refusal to answer the interrogatories. By order filed December 10, 1991, the trial court dismissed Fidelity's complaint against appellees. The trial court's order found that the record showed Fidelity's failure to respond to the interrogatories was a conscious and intentional failure to act within the meaning of OCGA § 9-11-37 (d) warranting dismissal. *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50). Additionally, the order recited that Fidelity's failure to respond timely to the motion for sanctions was another factor showing the ultimate sanction was warranted.

Fidelity's briefs in this court are replete with references to conversations between Mrs. Peppers and others and other matters that are not contained in the record on appeal, and thus cannot be considered. Factual assertions in appellate briefs which are not supported by evidence in the record cannot be considered in the appellate pro-

cess. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (366 SE2d 223); *Hudson v. State*, 185 Ga. App. 508 (364 SE2d 635). Further, briefs cannot be used in lieu of the record or transcript to add evidence to the record. See *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893).

Trial judges have broad discretion in controlling discovery, including imposition of sanctions (*Joel v. Duet Holdings*, 181 Ga. App. 705 (353 SE2d 548)), and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion. *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (306 SE2d 362). In this instance, we are satisfied that this record fully supports the trial court's finding that Fidelity's failure to answer the interrogatories was the result of a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. These interrogatories were unanswered for over eight months and even then Fidelity only answered the interrogatories after appellees moved for sanctions. Of course, these late responses did not nullify the motion for sanctions. *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158).

Although Fidelity offers the incapacity of Mrs. Peppers' secretary as a reason for not responding to the interrogatories, the record contains many handwritten pleadings submitted. We also note the record shows identical interrogatories were served upon Fidelity in its earlier action against these appellees and that these interrogatories went unanswered then as well. Accordingly, we do not find that the trial court abused its discretion in this case. "Plaintiffs who file lawsuits and put defendants to the expense and trouble to answer, should at least prosecute their actions efficiently and diligently; the CPA authorizes dismissal in a case like this." *Bells Ferry Landing v. Wirtz*, supra at 345. See also *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723).

2. As Fidelity's brief argued only the one enumeration of error discussed in Division 1 and presented no specific argument, cited no authority, and made no reference to the transcript or record to support its other enumerations, the other enumerations are deemed abandoned. *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (316 SE2d 554).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992 

Daisy F. Peppers, *pro se.*
*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., Dan B. Wingate, Sullivan, Hall, Booth & Smith, Henry D. Green, Jr.,*

*David V. Johnson*, for appellees.