A97A2322. JAMES v. GRAY.

(494 SE2d 198)

ANDREWS, Chief Judge.

Greta James sued Wilson Gray, M.D., for obstetrical malpractice resulting in the death of her newborn son. She appeals the trial court's dismissal of her complaint as a sanction for her failure to

attend scheduled depositions. We affirm.

The record shows that on November 22, 1993, Gray's defense counsel served James's attorney, Carey, with notice that Gray would depose James on December 8, 1993. On December 7, Carey told defense counsel that James likely would not appear for the deposition and was seeking another lawyer. The next day, Carey confirmed his client would not show. He gave no excuse for her failure to do so. On December 8, defense counsel again sent Carey notice that James would be deposed on January 18, 1994. Carey soon filed a motion to withdraw as counsel, which was granted after attorneys Fierman and Warren entered appearances for James on December 23, 1993.

Fierman told Gray's counsel that the scheduled deposition would take place despite the change in counsel. On the morning of January 18, Fierman called Gray's attorney to confirm the deposition at Fierman's office and gave Gray's attorney directions to the office; however, an hour later Fierman called back and said his client would not appear for the deposition, adding that he was considering whether he would continue to represent her. On January 21, 1994, Fierman and Warren requested leave to withdraw from the case on grounds that James had discharged them as counsel. Ten days later, Gray filed a motion to dismiss James's complaint pursuant to OCGA § 9-11-37 (d) as a sanction for her failure to attend the noticed depositions. Although James's current counsel, Kendall, entered his appearance on her behalf in February 1994, James filed no response to the motion for sanctions until April 16, 1997, a few days after Gray's attorneys scheduled a hearing on the motion.[1]

James did not appear at the hearing to explain her failure to appear. Her attorneys offered the explanation that she missed the second scheduled deposition because she had not agreed to be represented by Fierman, but they gave no excuse for her failure to attend the first noticed deposition. The trial court found James's refusal to attend the depositions "willful, conscious and intentional" and her response to the sanctions motion inadequate.

OCGA § 9-11-37 (d) empowers the trial court to dismiss the complaint of a plaintiff who has refused to attend a properly-noticed deposition. "The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful." (Citation and punctuation omitted.) *Washington v. South Ga. Med. Center*, 221 Ga. App. 640, 641 (1) (472 SE2d 328)

---

[1] It appears the lengthy time between the motion and the hearing may have resulted from a "stay" of the case ordered by a Louisiana court, as discussed by Gray's attorneys at the motion hearing.

(1996). Evidence showed Gray's counsel served notices of deposition upon James's counsel of record, which constituted actual notice to James of the depositions. *Addington v. Anneewakee, Inc.*, 204 Ga. App. 521, 522 (420 SE2d 60) (1992). She failed to appear despite the notice, failed to give a reason for not appearing, and failed to file a timely response to the motion for sanctions. "From this evidence, the trial court could determine that [James's] failure to comply with [the deposition notices] was intentional. [Cits.]" *Washington*, supra; see also *Addington*, supra. Regardless of any efforts James made to mitigate her conduct after the motion for sanctions was filed, the court was authorized to impose the sanction of dismissal. *Addington*, supra. This Court will not reverse the trial court's decision absent an abuse of discretion, which James has not shown. Id.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 27, 1997 — 

*Alvin L. Kendall*, for appellant.

*Sullivan, Hall, Booth & Smith, Rush S. Smith, Jr., Groover & Childs, Frank H. Childs, Jr.*, for appellee.