A97A1279. WEST v. EQUIFAX CREDIT INFORMATION
SERVICES, INC.
(495 SE2d 300)

BEASLEY, Judge.
George West appeals the order of the state court which dismissed his complaint against Equifax Credit Information Services, Inc. because West did not respond to Equifax's interrogatories and request for production of documents and failed to attend his own deposition. West contends the court abused its discretion in dismissing the complaint when an order compelling discovery or a less severe

sanction would have been appropriate and in dismissing the complaint despite Equifax's own discovery abuse.

First, we note the trial court did not mention Monster Motors, Inc., Equifax's co-defendant, in its order dismissing West's claims against Equifax, although the order directs that West's complaint be dismissed. Because "there is no authority for a co-defendant to become the beneficiary of a dismissal under [OCGA § 9-11-37 (d)] merely because of a failure of the plaintiff to comply with the other co-defendant's discovery actions," *Johnson v. Martin*, 137 Ga. App. 312, 314 (223 SE2d 465) (1976), the case against Monster Motors, Inc. is still pending. See also *Washington v. South Ga. Med. Center*, 226 Ga. App. 554, 555-556 (487 SE2d 125) (1997) (rule applies to deposition discovery as well as written discovery); *Singleton v. Eastern Carriers*, 192 Ga. App. 227 (384 SE2d 202) (1989).

Now as to Equifax. On July 12, 1994, West filed a complaint seeking damages resulting from a credit report Equifax published. Equifax answered and moved to remove the case to federal court. West thereafter achieved remand to state court, and formal discovery began on the date of the remand, either March 16 or 17, 1995. On August 4, Equifax served West with interrogatories and a request for production of documents. According to the trial court, the responses were due on September 5. West failed to respond. In the meantime, on August 15, Equifax noticed West's deposition for September 12. Without filing a motion for a protective order, West refused to appear on the scheduled date.

On October 18, Equifax moved pursuant to OCGA § 9-11-37 (d) to dismiss the complaint as a sanction for West's refusal to respond to written discovery or appear at his deposition, or in the alternative to compel discovery. The court held a hearing on December 19 and, by order filed January 29, 1996, dismissed West's complaint. The court found that the record showed West's failure to respond to the discovery was intentional and conscious and noted that at the oral hearing, West's counsel "admitted that he wrongfully refused to provide [West] for his deposition and that he intentionally withheld discovery responses from Defendant Equifax." West moved to set aside the judgment under the inherent power of the court to modify or set aside a judgment, but the motion was denied and the clerk was directed to enter judgment in favor of Equifax and against West.

1. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions [cit.], and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion. [Cit.]" *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (426 SE2d 177) (1992); *Addington v. Anneewakee, Inc.*, 204 Ga. App. 521, 522 (420 SE2d 60) (1992). Provided that proper discovery procedure is followed, the Civil Practice

Act authorizes a trial court to dismiss a plaintiff's action as a sanction for a complete failure to attend his own deposition, to respond to interrogatories, or to respond to requests for production. OCGA § 9-11-37 (d) (1); *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438 (2) (254 SE2d 825) (1979); *Barron v. Spanier*, 198 Ga. App. 801, 802 (403 SE2d 88) (1991).

"The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful." (Citations and punctuation omitted.) *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988). "The trial judge is the trier of fact and [the] finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it." *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304 (2) (265 SE2d 107) (1980).

The record fully supports the finding that West's failure to attend his deposition and answer the discovery was the result of a conscious or intentional failure to act, as distinguished from accidental or involuntary non-compliance. West's counsel admitted intentionally refusing to respond to discovery in an attempt to force Equifax to provide other discovery, and he continued to refuse discovery after Equifax complied with all pending discovery requests. At the hearing, counsel for West stated "[t]hen my client is noticed to a deposition, and I probably wrongfully said, I'm not going forward with the deposition of my client until you actually put the people who we really want to depose up for a deposition. It was a tit for tat thing, but I didn't know what else to do and I probably made a mistake." With regard to the written discovery, counsel stated, "they said, 'Are you going to do discovery?' I said, well, you got to come up with your discovery before I agree to do mine." This provided a sufficient basis for the findings.

West answered the discovery only after Equifax moved for sanctions. Late responses do not nullify the motion. *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158) (1981); *Addington v. Anneewakee, Inc.*, supra, 204 Ga. App. at 522. See also *Bells Ferry Landing, Ltd.*, supra, 188 Ga. App. at 345.

2. West next argues that the sanction of dismissal should not be allowed where the opposing party has also failed to respond to discovery. The Civil Practice Act provides abuse remedies to every party to an action, OCGA § 9-11-37; West should have pursued them rather than seek self-help. Although the Civil Practice Act requires each party to respond to discovery, it does not authorize the type of self-help West attempted. Counsel for West may have felt provoked, but

this reaction does not excuse a failure to comply with the rules of discovery.

He argues that by seeking a dismissal for failure to comply with discovery Equifax sought equity, and that Equifax's motion should have been denied because it had "unclean hands." OCGA § 23-1-10. True, neither West nor Equifax was diligent, but that is not grounds to reverse the court's order. There was ample evidence to support the court's order, and it was not legally erroneous.

Further, "[t]he rule that he who would have equity must do equity refers to equitable rights respecting the subject-matter of the action. [Cit.] It does not embrace outside matters." *Atlanta Assn. of Fire Ins. Agents v. McDonald*, 181 Ga. 105, hn. 2 (181 SE 822) (1935). Cf. *Morton v. Gardner*, 242 Ga. 852, 854 (252 SE2d 413) (1979); *Adams v. Crowell*, 157 Ga. App. 576 (278 SE2d 151) (1981). The unclean hands doctrine does not authorize reversal of the trial court's grant of a motion for sanctions arising out of a discovery dispute. Although a trial court may take into account both parties' actions during discovery when determining what sanctions are appropriate, the nature of the moving party's actions in responding to discovery requests does not preclude sanctions in its favor. These are circumstances for the trial court's consideration.

Despite the governance of the law in this case, Equifax's behavior does not go unnoticed or approved.

On May 10, 1995, West wrote and requested deposition dates for "all Equifax employees who have actual knowledge of the George West case. . . ." On May 17, Equifax' counsel responded in a letter that "[w]e will endeavor to provide an Equifax employee who is most knowledgeable on the subject areas listed in your letter. . . . As we discussed, the deposition will probably need to be scheduled during the last week in May. After this deposition, we can discuss which, if any, other Equifax employees would need to be offered in discoverable areas." On May 23, counsel for Equifax sent another letter saying "I will be in touch with you shortly regarding the scheduling of the Equifax deposition you have requested."

Finally, on July 25, counsel for Equifax wrote "I have identified several individuals at Equifax who can answer questions responsive to the question categories you listed for us. One witness, in particular, may be suitable for all categories and may be able to answer all the questions you may have. Thus, I would suggest that you begin with that witness and then determine after the deposition has concluded whether you need anyone else for any other areas of inquiry. I think this is the best way to proceed and we will be more than happy to cooperate with you on this basis." Potential dates for this one witness were given, but the first date was only two days later and even it was over two months after West's initial request. Equifax agreed to

produce only one witness despite admitting that there were "several" who had knowledge, and it agreed to cooperate only in accordance with its own ground rules.

On July 25, West confirmed August 4 and sent a Rule 30 (b) (6) deposition notice listing the subjects on which examination was requested. Equifax produced only one witness on August 4 and counsel admitted he could not confirm that the witness would be able to respond to all the requested categories of information; other depositions might be necessary. The follow-up depositions were scheduled for August 31, but Equifax unilaterally canceled them. According to the record, it did not seek a protective order.

Although West may be responsible for some of the subsequent delay, the remaining depositions were not taken until October 4, outside the six-month discovery period. West was forced to file a motion to compel in order to get these two depositions. Thus, Equifax successfully stalled depositions of two out of three witnesses for almost five months until after discovery had closed. The technique used was a calculated appearance of cooperation without actual timeliness. Disingenuous is the later argument that during the six-month discovery period, "Plaintiff noticed only one deposition; the Rule 30 (b) (6) deposition of Defendant Equifax." Equifax even suggested to the trial court that prior to receiving the deposition notice it had magnanimously offered to make Equifax's representatives available for their deposition.

Such tactics, wrongly considered zealous advocacy, are unprofessional at best and are subject to court action upon proper notice. Ethical Consideration 7-38 provides "[a] lawyer should be courteous to opposing counsel and should accede to reasonable requests regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of his client. He should follow local customs of courtesy or practice, unless he gives timely notice to opposing counsel of his intention not to do so. A lawyer should be punctual in fulfilling all professional commitments."

*Judgment affirmed. Birdsong, P. J., concurs. Andrews, C. J., Smith and Ruffin, JJ., concur in the judgment only. McMurray, P. J., and Eldridge, J., dissent.*

MCMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of the trial court's imposition of the ultimate sanction of dismissal for plaintiff's failure to answer interrogatories and failure to appear at a properly noticed deposition. I do not approve of self-help in the form of complete nonresponsiveness to discovery, since the Civil Practice Act contains provisions for protective orders. In light of the *mutual failure* of both

plaintiff West and co-defendant Equifax Credit Information Services, Inc. to cooperate on discovery matters, it is my view that, the trial court abused its discretion in not meting out sanctions more even-handedly. The proper disposition of the case sub judice is to vacate the dismissal and remand with directions to consider some lesser sanction.

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED DECEMBER 2, 1997 —
RECONSIDERATION DENIED DECEMBER 19, 1997

*George M. Johnson*, for appellant.
*Powell, Goldstein, Frazer & Murphy, James W. Hawkins*, for appellee.