A01A0400. ALDRIDGE et al. v. KING'S COLONIAL FORD, INC.
et al.

(550 SE2d 439)

BLACKBURN, Chief Judge.

Darrell T. Aldridge and Mary Ann Aldridge appeal the trial court's order granting summary judgment to the defendants, King's Colonial Ford, Inc. and Ford Motor Company, in the underlying action for negligence and breach of express and implied warranties with regard to the Aldridges' purchase of a new 1994 Ford Aerostar from King's Colonial. The trial court granted the defendants' motions for summary judgment, and we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." (Emphasis in original.) *Lau's Corp. v. Haskins*.[1] On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the non-moving party.

*Padilla v. Hinesville Housing Auth.*[2]

In October 1997, Mary Ann Aldridge, while driving her Ford Aerostar, collided with the car in front of her. The Aldridges contend

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] *Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409 (509 SE2d 698) (1998).

that the collision occurred because the brakes "failed," and they filed the present action against the car's manufacturer and the dealership, King's Colonial. The Aldridges have failed to present evidence as to what caused the collision other than their conjecture that the brakes failed. In affidavits, the Aldridges aver that, after purchasing the Aerostar, they experienced numerous problems with the brakes, including a leak in the brake line at some point prior to the collision. King's Colonial repaired the leak. Darrell Aldridge testified in his affidavit that on the day of the collision, he came to the scene, checked the brake fluid level and found that it was not low. He also asserted that the brake pedal did not have the appropriate resistance and that it could be pressed to the floor. Mary Ann Aldridge explained that while she was driving at a safe speed below the speed limit, she braked to stop for a traffic light and the vehicle failed to stop. Her car collided with the car in front of her. She contends that the brakes did not have the proper resistance and that the pedal would go almost to the floor.

The defendants present the affidavit of Hugh Delaughder, a certified automotive master technician, who worked on the Aldridges' car prior to the collision and who inspected the car after the collision. Delaughder outlined the service records on the Aldridges' car. He testified in his affidavit that after the Aldridges purchased the car, they brought it in for service numerous times because the rear anti-lock braking system (RABS) light would occasionally remain on after the vehicle started. Delaughder determined that nothing was wrong with the brakes, and after numerous visits, he determined that the light's failure to go off might be caused by a delay in the return of the ignition switch from the start position to the run position. This could be caused by a heavy key chain which puts extra weight on the ignition switch delaying its return to the proper position. After Mary Ann Aldridge's collision, Delaughder tested the brakes on the vehicle. Darrell Aldridge averred that, other than some body work, nothing had been done to the car after the collision. After numerous tests, Delaughder was unable to find anything wrong with the brakes. Delaughder's affidavit details the road tests conducted by him, a Ford Motor Company Design Analysis Engineer and the expert hired by the Aldridges. The vehicle braked in a normal fashion on every occasion. Additionally, Delaughder averred that Mrs. Aldridge's complaint regarding the brake pedal going almost to the floor was consistent with the normal functioning of a RABS. This system stops the rear wheels from locking so that no skid marks are produced and the brake pedal travels further downward than normal causing the driver to experience a feeling that the vehicle was not slowing as quickly as it should.

Based upon Delaughder's affidavit, the defendants have come

forward with expert testimony disproving the allegations contained in the plaintiffs' complaint and amended complaint. The plaintiffs, therefore, were not entitled to sit back and rely on the allegations contained in their complaint. The plaintiffs' affidavits did not create an issue of fact in the face of expert testimony which explains how the plaintiffs' allegations are consistent with the proper functioning of the braking system. On the record before us, the plaintiffs have failed to present any evidence supporting their case. See *Lau's Corp.*, supra. Therefore, the trial court did not err in granting the defendants' motions for summary judgment.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JUNE 8, 2001 —
RECONSIDERATION DENIED JUNE 28, 2001 —

*Walter D. Adams*, for appellants.

*Brennan & Wasden, Marvin W. McGahee, William A. Bowen, Cabaniss, Conroy & McDonald, James B. Manley, Jr., Charles K. Reed, Michael R. Boorman*, for appellees.