A02A0336. SHEPPARD v. JOHNSON et al.
(564 SE2d 729)

ELLINGTON, Judge.

Joyce Sheppard appeals from the trial court order dismissing her complaint as a sanction for discovery abuses and entering judgment for the defendants, Glynn and Emmet Johnson, the executors of the estate of Frances R. Johnson. Finding no error, we affirm.

Trial courts have broad discretion to control discovery, including the imposition of sanctions, and will not be reversed in the absence of a clear abuse of discretion. *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998). Before a complaint may be dismissed as a sanction for discovery abuse under OCGA § 9-11-37, the trial court should engage in a two-step process:

> First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was wilful. An evidentiary hearing on the issue of wilfulness is not necessary in all cases.

(Citation omitted.) *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211-212 (3) (538 SE2d 441) (2000).

The record reveals these undisputed facts. On October 6, 1999, in response to the Johnsons' motion to compel, the trial court entered an order finding, among other things, that Sheppard's suit was a renewal action. In the original suit, Sheppard delayed the course of the litigation four times by failing to timely respond to interrogatories, by improperly refusing to answer deposition questions, and by failing to file and to serve the Johnsons with a pre-trial brief. Shortly after the Johnsons filed a motion to dismiss the complaint, Sheppard voluntarily dismissed her suit. In the renewed suit, Sheppard once

again failed to timely and fully answer interrogatories. After the Johnsons filed a motion to compel, the trial court ordered Sheppard to pay attorney fees and to comply with discovery. The trial court also found that Sheppard's conduct evinced "willfulness, bad faith, and a total disregard for the judicial process and this Court's Orders." The court warned Sheppard that failure to comply with the court's order would result in her suit being dismissed with prejudice.

When Sheppard failed to supplement her interrogatory responses as directed, the Johnsons filed another motion to compel and for sanctions. A hearing on the motion was scheduled for January 26, 2000, but rescheduled twice at Sheppard's request. After a hearing on May 9, 2000, the court verbally directed Sheppard to supplement her responses to four specific interrogatories by June 12, 2000. Although Sheppard filed a response on June 12, the court, after a hearing, found her answers incomplete, unsigned, unverified, and lacking a certificate of service upon the Johnsons. Upon finding that Sheppard wilfully and intentionally violated the court's previous orders and the Civil Practice Act, the trial court dismissed the complaint with prejudice.

Based upon the record evidence, we find no clear abuse of discretion in the trial court's decision to dismiss Sheppard's complaint with prejudice. OCGA § 9-11-37 (d) (1); *Green v. Snellings*, 260 Ga. 751, 752 (1) (400 SE2d 2) (1991).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED MARCH 13, 2002 —
RECONSIDERATION DENIED APRIL 25, 2002.

*Edward H. Warnock*, for appellant.
*William J. Edgar, J. Alvin Leaphart*, for appellees.