A10A0458. MATHER v. L'OREAL USA, INC.
(695 SE2d 693)

ANDREWS, Presiding Judge.

Karen Mather appeals from the trial court's grant of L'Oreal USA's motion for summary judgment on her claim for damages incurred following a severe reaction to one of L'Oreal's self-tanning lotions. Finding no error, we affirm.

According to Mather's statement of facts and deposition, she bought two tubes of L'Oreal Paris Sublime Bronze self-tanning lotion in June 2004, just before she went to the beach. While at the beach, she used the lotion twice a day for three days and experienced no problems.

During the drive home from the beach, Mather began having problems where the sunlight touched her skin through the car windows. Mather said that she could not go out in the sun because she has multiple sclerosis and direct sunlight causes her pain. She

---

[4] (Citations omitted.) *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987).
[5] *Brown*, supra.

164

said that where the sun touched her through the car window, her skin began to get red with small pustules.

Mather said that her condition became progressively worse. She said that she developed abscesses filled with pus and had to be given IV antibiotics. Mather testified that the infection became systemic, she had lesions everywhere, even on her scalp, and her multiple sclerosis was exacerbated. Mather testified that, as a result of using the self-tanning lotion, "[m]y organs will never be the same."

Mather sued L'Oreal, alleging that it failed to warn of the potential dangers of using the self-tanner. The trial court granted L'Oreal's motion for summary judgment. This appeal followed.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue of fact. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

"In failure to warn cases, the duty to warn arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product." *Chrysler Corp. v. Batten,* 264 Ga. 723, 724 (450 SE2d 208) (1994). In this case, it is undisputed that L'Oreal did not know that the product could cause a reaction such as Mather's, and Mather has come forward with no evidence raising an issue of fact as to whether L'Oreal should have known of this danger.

Mather points to L'Oreal's expert's testimony that "[t]he active ingredient in the L'Oreal tanning lotion and other commonly used tanning lotions is hydroxyacetone, which is a very common ingredient and generally accepted in the dermatology profession as safe for use by most people." Mather contends that a reasonable inference from this statement is that if it is safe for most, it is clearly not safe for some, and therefore, there should have been a warning on the label.

Comment J to the Restatement (Second) of Torts § 402A[1] provides that where the product contains an ingredient to which a *substantial* number of the population is allergic, there is a duty to

---

[1] This section has been adopted by Georgia courts. See *Zeigler v. CloWhite Co.,* 234 Ga. App. 627, 629 (507 SE2d 182) (1998).

warn. Here, there is no evidence that the product contained an ingredient to which a substantial number of the population is allergic, rather, just the opposite.

Mather also points out that during testing of the product, L'Oreal excluded individuals that (1) had an illness that contraindicated participation, (2) had a skin condition such as rosacea, and (3) were using medications which could affect the skin's tolerance of the product or enhance or suppress adverse effects of the product. Mather has submitted no evidence that this was an unacceptable product testing practice. Rather, the uncontradicted testimony was that it would be unethical to include anyone from these groups.

Mather also claims that during the testing, seven of the forty-two participants with self-perceived "sensitive skin" noted "adverse events." What Mather does not state is that these seven participants all experienced reactions that were characterized as "mild" and which in no way resembled the reaction experienced by Mather.

Mather points to only six complaints that L'Oreal received from consumers who had problems after using the self-tanning lotion. There was one complaint for burning eyes, and the others were for itchy rash, redness, and hives, subsiding after a period of time, sometimes within twenty-four hours and once after washing the product off the skin. There were no complaints of any reaction of the type experienced by Mather.

Mather cites to no evidence, expert or otherwise, to contradict L'Oreal's experts' and representatives' testimony that the product's testing was more than adequate and did not reveal any potential adverse effects similar to Mather's. Therefore, Mather has not carried her burden in response to L'Oreal's motion for summary judgment on her failure to warn claim.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 21, 2010.

*Brian K. Panessa*, for appellant.
*McLain & Merritt, Robert B. Hill*, for appellee.