**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 5, 2014**

# In the Court of Appeals of Georgia

A14A1126. RL BB ACQUISITION, LLC v. BAER.

BRANCH, Judge.

After a trial court granted defendant William Baer's motion to compel plaintiff RLBB Acquisition, LLC ("RLBB") to comply with Baer's discovery requests, Baer moved for sanctions for RLBB's failure to comply with the trial court's order, including the dismissal of RLBB's complaint. The trial court granted Baer's motion for sanctions and dismissed RLBB's complaint with prejudice. On appeal, RLBB argues that the trial court abused its discretion when it imposed the extreme sanction of dismissal because the evidence did not show that RLBB blatantly or willfully failed to comply with the court's orders. We find no error and affirm.

"Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's

exercise of that broad discretion will not be reversed." *Freeman v. Foss*, 298 Ga. App. 498, 499 (2) (680 SE2d 557) (2009) (citation omitted).

Construed in favor of the trial court's judgment, the record shows that as successor in interest to the original promisee of Baer's promissory note, RLBB filed an action against him to recover the balance due under the note. In his answer, Baer admitted that he had executed the note, but asserted a number of affirmative defenses, including estoppel, fraud, and breach of contract. After an attempt at mediation failed in November 2012, the trial court ordered that discovery, including the filing of any motions, be concluded by February 20, 2013, and that any "dispositive motions" be filed by March 21, 2013.

On November 26, 2012, Baer served requests for admissions and for production of documents on RLBB. On November 29, 2012, Baer filed a notice of RLBB's Rule 30 (b) (6) deposition, to be held on January 16, 2013. On December 26, new counsel appeared on RLBB's behalf. On December 28, RLBB served its objections and responses to Baer's request for admissions. On December 31, RLBB served its objections and responses to Baer's request for documents, and produced some documents on January 7, 2013. On January 14, new counsel for RLBB advised Baer that RLBB would produce information and witnesses only as to the loan and

promissory note at issue, but not as to the remaining loans in the same portfolio, which RLBB contended were irrelevant and contained confidential information and trade secrets. The Rule 30 (b) (6) deposition was taken as scheduled on January 16. Baer filed motions to compel further discovery on February 20 and 28, 2013. RLBB filed no response to either of these motions, and did not file any other motion before March 21, 2013, the latest of the deadlines set by the trial court.

On April 29, 2013, RLBB moved for leave to file a summary judgment motion. The trial court set a hearing on RLBB's motion for July 10, 2013. At the July 10 hearing, which was not transcribed, the trial court (1) denied RLBB's motion for leave to file a summary judgment motion; (2) noted that RLBB had not responded to either of Baer's motions to compel and that the court was empowered to rule on unopposed discovery motions without hearing oral argument; (3) heard oral argument from both sides nonetheless; (4) granted Baer's motions to compel; and (5) instructed RLBB that it was bound to produce the documents requested within 14 days of the entry of its order. The trial court then instructed Baer to provide a draft order, which included the 14-day deadline, to RLBB for agreement as to form and to submit the order for entry into the record. On July 22, 2013, after RLBB had approved the draft order as to form, the trial court entered the order denying RLBB leave to move for

summary judgment and granting Baer's motions to compel. The order specified that RLBB was bound to produce the documents "not later than fourteen (14) days from entry" of the same order.

Through Monday, August 5, 2013, 14 days after the entry of the trial court's order granting the motion to compel, RLBB had not produced any additional documents, explained its failure to do so, or asked for an extension of time. On Wednesday, August 7, Baer filed the instant motion for contempt and/or sanctions. Four minutes after receiving Baer's motion via email, counsel for RLBB called counsel for Baer and told him that RLBB "would" gather the documents in dispute and deliver them by the following Monday. On Thursday, August 8, the day after this exchange, RLBB emailed copies of some of the documents, including the purchase and sale agreement at issue, and filed a motion for an extension of time to produce the remaining ones. RLBB did not file any response to Baer's motion for contempt and/or sanctions, however. On September 20, RLBB sent a box of documents to Baer without any correspondence or explanation; on October 4, RLBB sent nine emails with documents attached. On October 9, RLBB sent an additional 25 emails with attachments it described as "the documents in order."

RLBB sent counsel with no previous connection with the case to the hearing on Baer's motion for contempt and/or sanctions, which was held on October 11, 2013. After apologizing to the court and admitting that RLBB was "tardy in producing the documents required" by the court's order, counsel argued that RLBB had attempted to comply with Baer's discovery request, which he characterized as "broad" in that they concerned more than 57 loans, many of which were handled by different employees of RLBB, whereas there was "only one loan at issue in this action." When the trial court asked why no effort had been made to collect the documents before the August 5 deadline imposed by the court's order, counsel replied, "I don't have a good excuse for that." After hearing evidence as to Baer's fees and further argument from both sides, the trial court entered an order finding that RLBB had been put on notice at the July 10, 2013 hearing of its obligation to produce the documents by the August 5 deadline; had failed to provide any documents before the deadline or any other remaining documents after August 8 but within the ten days requested in its motion for extension; and had "continuously failed to provide any excuse or reason" for these failures. The trial court then concluded that RLBB had "repeatedly and blatantly disregarded all orders from the Court, as well as ignored its obligations" under the Civil Practice Act; found RLBB to be in willful contempt of

5

the Court; awarded attorney fees of $5,045; and dismissed RLBB's case with prejudice. This appeal followed.

RLBB argues that because any delay in its compliance with the trial court's order was accidental or involuntary, the trial court abused its discretion when it dismissed RLBB's complaint with prejudice. We disagree.

OCGA § 9-11-37 (b) provides in relevant part:

(2) If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending *may make such orders in regard to the failure as are just and, among others, the following*:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) *An order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof.

(Emphasis supplied.) The dismissal of a lawsuit under OCGA § 9-11-37 is "an extreme sanction which may only be employed for a wilful failure in *bad faith or in total disregard* of the court's order," warranted "only where a clear record of *delay*

6

*or contumacious conduct* by the plaintiff exists and a lesser sanction would not better serve the interest of justice." *Harwood v. Great American Management*, 171 Ga. App. 488, 490 (320 SE2d 269) (1984) (citation and punctuation omitted; emphasis supplied).

RLBB first argues that because the trial court's order was served by mail on July 22, 2013, RLBB had 17 days (until August 8, 2013) rather than 14 days (until August 5, 2013) to produce the documents at issue. We disagree.

OCGA § 9-11-6 (e) provides:

> Whenever a party . . . is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, . . . and the notice or paper is served upon the party by mail or email, three days shall be added to the prescribed period.

On its face, OCGA § 9-11-6 (e) applies only to acts required "within a prescribed period after the service of a notice or other paper[.]" By contrast, and as the trial court noted at the July 10 hearing, the order at issue here required that RLBB produce the documents at issue not within 14 days of *service* of that order, but within 14 days of that order's *entry*. It follows that OCGA § 9-11-6 (e)'s three-day extension does not apply. See *Didio v. Chess*, 218 Ga. App. 550-551, n.1 (462 SE2d 450) (1995) (OCGA

7

§ 9-11-6 (e) did not apply to a trial court's order because the order directed appellant to comply within 20 days of receipt).

RLBB's principal argument, however, is that the trial court abused its discretion in imposing such a severe sanction in this case. Although this record shows that RLBB made some efforts to comply with Baer's discovery requests, the same record also supports the conclusion that RLBB acted in total disregard of the trial court's order granting the motion to compel and that RLBB offered no excuse for that disregard. OCGA § 9-11-37 (b) does not require "that the plaintiff display and the trial court find actual wilfulness." *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988) (citation and punctuation omitted). Rather, the sanction of dismissal "requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance," since "[a] conscious or intentional failure to act is in fact wilful." Id. (citation and punctuation omitted); see also *Harwood*, 171 Ga. App. at 490 (noting the sufficiency of "a wilful failure in bad faith *or* in total disregard of the court's order" for purposes of obtaining a dismissal) (citation and punctuation omitted; emphasis supplied).

As we have long noted, "[p]laintiffs who file lawsuits and put defendants to the expense and trouble to answer, should at least prosecute their actions efficiently and

8

diligently[.]" *Bells Ferry*, 188 Ga. App. at 345. Here, RLBB provided no explanation to the trial court for its failure even to begin work on collecting the documents at issue before the August 5 deadline. Accordingly, the trial court did not abuse its discretion when it concluded that RLBB's failure to comply with its order of July 22 was wilful and in total disregard of that order. See id. (affirming dismissal of plaintiff's complaint with prejudice as supported by evidence concerning its intentional failure to comply with a discovery order); *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003) (affirming dismissal of plaintiff's complaint with prejudice as within the trial court's discretion when plaintiff had "not made any showing that her failure to comply with [a trial court's] discovery order was somehow excusable").

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.