**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2020**

# In the Court of Appeals of Georgia

A19A2026. CURRY v. CONOPCO, INC. et al.

REESE, Judge.

Wiley Curry, proceeding pro se, filed a complaint for damages against Conopco, Inc. d/b/a Unilever Manufacturing United States, Inc., and Wal-Mart Stores, Inc. (collectively, the "Defendants"). He alleged that he experienced a severe allergic reaction to a Unilever body lotion that he had purchased from Walmart. The trial court granted the Defendants' motion to exclude Curry's expert testimony and motion for summary judgment, and this appeal followed. For the reasons set forth infra, we affirm.

Curry originally filed his complaint against Walmart and Unilever in November 2016. He alleged that he suffered burning, rashes, sores, inflamation, bleeding, discoloration, and scarring after applying the body lotion. The parties engaged in discovery, and the court entered a scheduling order setting various discovery

deadlines, including a November 3, 2017 deadline for Curry to identify his expert witnesses.

In November 2017, the Defendants filed a motion for summary judgment on the ground that Curry had no expert testimony to support his claims. Curry responded to the motion, alleging that he had provided a list of potential expert witnesses to the Defendants. The trial court modified its scheduling order and extended the expert deposition deadline until March 2018. Curry voluntarily dismissed the action in January 2018.

Curry filed a renewal action in July 2018. He asserted claims of strict product liability, failure to warn, intentional misrepresentation, and breach of express warranty. The trial court entered a discovery scheduling order, providing that Curry had to disclose his expert witnesses by October 29, 2018, and make his experts available for deposition by November 30, 2018. Curry identified one expert witness and five additional potential expert witnesses on the October 29 deadline. One of Curry's potential expert witnesses included Dr. Leslie Hutchinson, a medical toxicologist.

Curry requested additional time to produce his expert witnesses for deposition. The trial court extended the deadline to December 15, 2018. On December 12, Curry

offered a deposition date of December 14 for Dr. Hutchinson. Defense counsel responded that counsel was out of town that day and requested another date. The trial court held a telephonic conference, and the parties set a tentative deposition date for Dr. Hutchinson for January 11, 2019.

On January 7, 2019, Curry notified the court that Dr. Hutchinson could not be deposed until April 25, 2019. Curry stated that Dr. Hutchinson needed more time to review medical documents and to prepare a report. In response, the Defendants filed a motion to exclude all of Curry's expert witnesses and a motion for summary judgment. The Defendants argued that Curry had failed to produce an expert witness for deposition despite two years of litigation and within the court's discovery deadlines, and that Curry could not support his claims without expert testimony.

The trial court held a hearing, which was not transcribed, and granted the Defendants' motions. The court found that Curry had "numerous opportunities" to present expert testimony, and that the uncontroverted expert testimony from the Defendants was that the lotion was not defective in any manner. After the trial court entered its order, Curry submitted a letter from Dr. Hutchinson stating that "[e]xposures to similar product mixtures[]" had resulted in similar allergic reactions. Dr. Hutchinson opined that it was "highly likely" that a more complete evaluation of

Curry's medical records, the lotion's ingredients, and the relevant medical literature would demonstrate a causal association between the lotion and Curry's allergic reaction. This appeal followed.

"On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party."[1] With respect to the trial court's decision to exclude Curry's expert witnesses, "[t]rial courts have broad discretion in controlling discovery, including the imposition of sanctions, and this Court will not reverse the trial court's decision in such cases absent a clear abuse of discretion."[2] With these guiding principles in mind, we turn now to Curry's specific claims of error.

1. Curry argues that the trial court erred in excluding Dr. Hutchinson's expert testimony. He contends that he did not intentionally violate the trial court's discovery orders, and that it was defense counsel — not him — who delayed discovery because defense counsel was not available for Dr. Hutchinson's deposition on December 14, 2018.

---

[1] *Forsyth County v. Waterscape Svcs.*, 303 Ga. App. 623 (694 SE2d 102) (2010) (citation and punctuation omitted).

[2] *Murphy v. Varner*, 292 Ga. App. 747, 749 (2) (666 SE2d 53) (2008) (citation and punctuation omitted).

Trial courts have a range of options in imposing discovery sanctions, from the exclusion of certain matters from evidence to the ultimate sanction of dismissal.[3] "Wilfulness is not required for the imposition of sanctions; rather, the presence or absence of willfulness remains relevant in the choice of sanction."[4] "A conscious or intentional failure to act is in fact wilful[,]" compared to "an accidental or involuntary non-compliance."[5] Courts consider the entire history of the proceeding in determining an appropriate discovery sanction.[6]

In this case, the trial court did not clearly abuse its discretion in excluding Dr. Hutchinson's expert testimony. Over the two years of litigation, the court provided Curry with ample opportunities and multiple extensions to present an expert witness

---

[3] See OCGA § 9-11-37 (b) (2) (B), (C).

[4] *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 734-735 (4) (698 SE2d 19) (2010) (citation and punctuation omitted). But see *Rouse v. Arrington*, 283 Ga. App. 204, 206 (2) (641 SE2d 214) (2007) (willfulness is required before the harsh sanctions of dismissal or default judgment).

[5] *West v. Equifax Credit Information Svcs.*, 230 Ga. App. 41, 43 (1) (495 SE2d 300) (1997) (citations and punctuation omitted).

[6] See *Gazelah v. Rome Gen. Practice*, 232 Ga. App. 343, 345 (4) (502 SE2d 251) (1998); *Vining v. Kimoto United States*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993).

for deposition, yet Curry failed to do so within the court's discovery deadlines.[7]

Indeed, we have held that similar behavior justified the harsher sanction of dismissal.[8]

While Curry argues that he made Dr. Hutchinson available for a deposition on December 14 in compliance with the court's orders, and that it was defense counsel who was not able to attend that deposition, it is clear from Curry's later pleadings that Dr. Hutchinson had not finished his review of the evidence and would not have been able to provide an expert opinion on December 14.[9]

---

[7] See *RLBB Acquisition v. Baer*, 329 Ga. App. 483, 487 (765 SE2d 662) (2014) ("[P]laintiffs who file lawsuits and put defendants to the expense and trouble to answer, should at least prosecute their actions efficiently and diligently[.]") (citation and punctuation omitted).

[8] See *Freeman v. Foss*, 298 Ga. App. 498, 501 (2) (680 SE2d 557) (2009); see also *Ford Motor Co. v. Gibson*, 283 Ga. 398, 402 (2) (659 SE2d 346) (2008) (trial court did not abuse its discretion in imposing lesser discovery sanction when it could have imposed the ultimate sanction of default).

[9] The Supreme Court recently held that a trial court abuses its discretion when it excludes a witness based solely on the late identification of the witness. See *Lee v. Smith*, __ Ga. __ (2), (__ SE2d __) (Case No. S18G1549, decided Feb. 10, 2020). The facts here are distinguishable. The trial court in this case did not exclude Curry's expert witness based on a late identification, but on his failure to present his expert for deposition and his failure to submit expert testimony. More importantly, the trial court did not "default[] to the most extreme sanction available[,]" id. at __ (2), but instead granted Curry multiple extensions and opportunities to present his witness. See id. at __ (3) ("In some cases, a continuance or out-of-time discovery may be more appropriate than imposing a sanction[.]"). The trial court excluded Curry's witness only after he repeatedly failed to meet the court's extended deadlines.

6

2. Curry also argues that the trial court erred in granting the Defendants' motion for summary judgment. He contends that Dr. Hutchinson's letter, filed with the trial court, created a genuine issue of material fact as to whether the body lotion caused his injuries.

> Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue of fact.[10]

In this case, the Defendants produced expert testimony from a technical product leader in product development at Unilever. The expert attested in an affidavit that the body lotion, along with its ingredients, conformed with industry standards at the time and was not defectively designed. Given this expert testimony, Curry was

---

[10] *Mather v. L'Oreal USA*, 304 Ga. App. 163, 164 (695 SE2d 693) (2010) (citations and punctuation omitted).

"not entitled to sit back and rely on the allegations contained in [his] complaint."[11] Curry cited to no evidence, expert or otherwise, that the lotion was defectively designed or that it caused his injuries. Thus, Curry did not carry his burden by demonstrating a triable issue in response to the Defendants' motion for summary judgment.[12]

Curry contends that Dr. Hutchinson's letter created an issue of material fact regarding causation. As explained in Division 1, supra, the trial court did not clearly abuse its discretion in excluding this testimony. Additionally, the letter was not sworn testimony,[13] nor was it served prior to the day of the hearing, pursuant to OCGA § 9-11-56 (c).[14]

Accordingly, the trial court did not err in granting the Defendants' motion for summary judgment.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[11] *Aldridge v. King's Colonial Ford*, 250 Ga. App. 236, 238 (550 SE2d 439) (2001).

[12] See *Mather*, 304 Ga. App. at 165; *Aldridge*, 250 Ga. App. at 238.

[13] See *Harris v. Emory Healthcare*, 269 Ga. App. 274, 274 (603 SE2d 778) (2004).

[14] See *Valhalla v. O'Donnell*, 199 Ga. App. 679, 680 (1) (405 SE2d 895) (1991).