**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 1, 2025**

# In the Court of Appeals of Georgia

A25A1040. SQUIRES et al. v. THE HOWARD SCHOOL, INC., et al.

FULLER, Senior Judge.

A. S., a minor, through her parents Sallie Wright and Richard Squires, and Wright and Squires individually (collectively, "Appellants") appeal an order from the Superior Court of Fulton County dismissing their complaint against The Howard School, Inc., Meghan Doyle, and Jacob Dannenfelser (collectively, "the defendants") for injuries A. S. allegedly sustained while a student at The Howard School. Appellants contend that the trial court erred by dismissing their renewal action as a sanction for failure to respond to discovery requests because: (1) they did not wilfully fail to respond to discovery; and (2) the defendants had already obtained information

responsive to the discovery requests in the original action. For the following reasons, we find no abuse of the trial court's discretion and affirm.

"Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed." *RLBB Acquisition v. Baer*, 329 Ga. App. 483, 483 (765 SE2d 662) (2014) (citation and punctuation omitted); see *Warren v. Wal-Mart Stores East*, 372 Ga. App. 852, 853 (907 SE2d 238) (2024) ("We will not interfere with a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act in the absence of an abuse of discretion.") (citation and punctuation omitted).

With that standard in mind, we noted, in an earlier appearance of this case in this Court, that

> the relevant record is undisputed and shows that A. S. had been a student at The Howard School, and on March 27, 2018, [Appellants] sued the defendants [in the State Court of Fulton County] seeking damages arising from alleged mistreatment of A. S. by Doyle (a teacher at The Howard School) and Dannenfelser (a high school student at The

Howard School).[1] The alleged misconduct occurred between the fall of 2015 and May 2016[.] . . . On September 6, 2019, the plaintiffs voluntarily dismissed the [original] action without prejudice. One day shy of six months later, on Thursday, March 5, 2020, the plaintiffs submitted an electronic filing of the renewal action [in the Superior Court of Fulton County]. . . .

*Dannenfelser v. Squires*, 365 Ga. App. 819, 819-820 (879 SE2d 506) (2022) ("*Squires I*"). Prior to the appeal in *Squires I*, which considered whether the renewal action was timely filed, id. at 822 (1), The Howard School propounded discovery requests to Appellants, including interrogatories and a request for production of documents, on July 21, 2020. The record includes Appellants' certificate of service indicating responses were served on September 3, 2020.

Upon remittitur in *Squires I*, The Howard School sent additional discovery requests to Appellants on March 7, 2023. Despite an extension granted by The Howard School, Appellants failed to respond to the requests. As a result, The Howard School filed a motion to dismiss, for sanctions, or in the alternative, to compel

---

[1] According to Appellants' complaint, the mistreatment arose from allegations that Dannenfelser was present with Doyle during Doyle's purported one-on-one speech therapy sessions with A. S. — because Doyle and Dannenfelser were involved in an inappropriate relationship — and that Dannenfelser and Doyle physically and verbally abused A. S. during the therapy sessions.

discovery on May 8, 2023. Dannenfelser then sent discovery requests to Appellants on May 16, 2023. When Appellants failed to respond to those discovery requests as well, Dannenfelser filed his own motion to dismiss, for sanctions, or in the alternative, to compel discovery on July 12, 2023.

Following a March 2024 hearing,[2] the trial court denied The Howard School's and Dannenfelser's motions to dismiss, but granted their motions to compel discovery. In particular, the trial court ordered Appellants "to respond to all Defendants['] (including Meghan Doyle['s]) discovery requests, including interrogatories and requests for production of documents on or before April 5, 2024[.]" The trial court also extended discovery until September 30, 2024.

A certificate of service indicates that Appellants responded to The Howard School's discovery requests on April 5, 2024; neither the substantive response, nor any of Appellants' other purported discovery responses, are included in the record. Dannenfelser, asserting that Appellants had failed to respond to his requests as ordered, filed a renewed motion to dismiss and for sanctions on April 8, 2024. Doyle joined Dannenfelser's motion, as the trial court had ordered Appellants "to respond

---

[2] It appears that the March 6, 2024 hearing was not transcribed, and no transcript of the hearing is included in the record on appeal.

to all Defendants['] (including Meghan Doyle['s]) discovery requests" in its March 22, 2024 order and no responses had been served by Appellants. The Howard School also renewed its motion to dismiss, asserting that Appellants merely served "discovery responses identical to [their] responses from September 3, 2020, while simultaneously requesting a protective order, but not filing for the same."

Following a July 23, 2024 hearing, the trial court granted the defendants' motions and dismissed Appellants' renewal action. One month after the trial court's July 24, 2024 dismissal order, and less than five minutes before filing a notice of appeal, Appellants filed certificates of service indicating responses to Dannenfelser's and Doyle's discovery requests had been served on July 23, 2024.[3] This appeal followed.

1. Appellants first contend that the trial court erred in dismissing their renewal action because the record demonstrates that they did not wilfully fail to respond fully to the defendants' discovery requests. We are not persuaded.

OCGA § 9-11-37 (b) (2) provides, in relevant part,

---

[3] At the July 23, 2024 hearing, Dannenfelser's counsel argued that Appellants responded to his discovery requests, and provided a draft protective order, "one hour before the hearing[.]" However, as we have noted, the record does not contain any discovery responses from Appellants.

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subsection (a) of [OCGA § 9-11-37] . . ., the court in which the action is pending may make such orders in regard to the failure as are just and, among others, the following:
>
> [. . .]
>
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

"The dismissal of a lawsuit under OCGA § 9-11-37 is an extreme sanction which may only be employed for a wilful failure in bad faith or in total disregard of the court's order, warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice." *RLBB Acquisition*, 329 Ga. App. at 486 (citation, punctuation, and emphasis omitted). To that end,

> [b]efore a complaint may be dismissed as a sanction for discovery abuse under OCGA § 9-11-37, the trial court should engage in a two-step process[.] First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an

opportunity to be heard and determining that the obstinate party's failure to obey was wilful.

*Sheppard v. Johnson*, 255 Ga. App. 165, 165 (564 SE2d 729) (2002) (citation and punctuation omitted); see *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211 (3) (538 SE2d 441) (2000) ("Before imposing the ultimate sanction of dismissal . . . for failure to comply with discovery, the trial court must first determine, following notice and an opportunity to be heard, that the party's failure to comply with the order granting the motion to compel was wilful."). Importantly,

> OCGA § 9-11-37 (b) does not require that the plaintiff display and the trial court find actual wilfulness. Rather, the sanction of dismissal requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance, since a conscious or intentional failure to act is in fact wilful.

*RLBB Acquisition*, 329 Ga. App. at 487 (citations and punctuation omitted).

(a) Here, Appellants initially failed to respond to The Howard School's March 7, 2023 discovery requests. As a result, The Howard School filed a motion to compel discovery on May 8, 2023; Dannenfelser filed a similar motion after Appellants failed to respond to his May 16, 2023 discovery requests. Following a hearing several months

7

later, the trial court granted The Howard School's and Dannenfelser's motions to compel discovery, ordering Appellants "to respond to all Defendants['] (including Meghan Doyle['s]) discovery requests, including interrogatories and requests for production of documents on or before April 5, 2024[.]" Accordingly, the first step to authorize dismissal of a complaint based upon discovery abuse was satisfied. See OCGA § 9-11-37 (b); *Sheppard*, 255 Ga. App. at 165.

(b) Similarly, the record demonstrates sufficient evidence to satisfy the second step. See *Sheppard*, 255 Ga. App. at 165. Following the trial court's March 22, 2024 order granting The Howard School's and Dannenfelser's motions to compel discovery requiring Appellants to respond to all outstanding discovery requests on or before April 5, 2024, Appellants did not provide discovery responses to Dannenfelser or Doyle. As a result, Dannenfelser and Doyle filed motions to dismiss the renewal action on April 8 and 12, 2024, respectively.

The trial court scheduled a hearing on the motions to dismiss for July 23, 2024. At that hearing, Appellants' counsel claimed that the failure to respond to discovery in the renewal action was not wilful because "written discovery was done in the previous case" and that the defendants' discovery requests in the renewal action were

8

"identical[.]"[4] Rather than offer reasons demonstrating that the failure to respond was accidental, see *RLBB Acquisition*, 329 Ga. App. at 487, Appellants' counsel focused on the discovery that had been completed in the original action, challenged the conduct of the defendants' counsel, and claimed that the case had "sat" because of the defendants' appeal in *Squires I* "and motion, upon motion, upon motion, filed separately by each of these defendants over and over. . . ." Counsel further chastised the defendants for "filing a motion and filing appeals that don't have a basis for being filed" to which she had to respond, all "at great cost" to Appellants' counsel.

At the outset, the trial court noted that Appellants' counsel "had ample time to provide just the information" she provided on the day of the hearing. Furthermore, the trial court did not credit Appellants' counsel's explanation that dismissal was not warranted in view of the discovery conducted in the original action, noting that counsel

---

[4] To the extent Appellants contend that the defendants' discovery requests in the renewal action were needlessly repetitive or onerous, OCGA § 9-11-37 provides remedies for alleged discovery abuses. See generally *West v. Equifax Credit Information Svcs.*, 230 Ga. App. 41, 43 (2) (495 SE2d 300) (1997) (physical precedent only) ("The Civil Practice Act provides abuse remedies to *every party* to an action, OCGA § 9-11-37[.]") (emphasis supplied). Appellants did not pursue those remedies here.

voluntarily dismissed [the original action] in state court, refiled in superior court, which means the case started over. And even if [the defendants] were filing the same discovery requests, you simply file the same responses or you ask them, well, I provided the responses in the case in state court, could you just simply refer to it[?] Do you have an objection to letting that be the response[?]

The trial court continued: "You had an obligation. And I gave you time in March. And we're here this morning and the evidence this morning is, you filed things this morning, sent things to the Court this morning about consent orders and motions that could have been done months ago." Ultimately, the trial court granted the defendants' motions and dismissed Appellants' renewal action in a July 24, 2024 order.

In short, between the filing of The Howard School's and Dannenfelser's discovery requests on March 7 and May 16, 2023, until the eve of the July 23, 2024 hearing on the defendants' motions to dismiss the renewal action, the only discovery response Appellants provided was to The Howard School and was apparently identical to their September 3, 2020 discovery response. This is so despite the trial court's order granting the defendants' motion to compel discovery, with which Appellants failed to comply. Dismissal of a lawsuit under OCGA § 9-11-37 may be

employed when there has been a "total disregard" of a trial court's order and where there is "a clear record of delay or contumacious conduct by the plaintiff. . . ." *RLBB Acquisition*, 329 Ga. App. at 486 (citation, punctuation, and emphasis omitted). Similarly, wilfulness in this context may be shown by "a conscious or intentional failure to act, . . . since a conscious or intentional failure to act is in fact wilful." Id. at 487 (citations and punctuation omitted); see *Tenet Healthcare*, 273 Ga. at 211 (3), n. 2 ("A conscious indifference to the consequences of failure to comply with court orders concerning discovery is the equivalent of wilfulness.").

In view of the evidence we have outlined, we cannot say that the trial court abused its discretion in dismissing Appellants' renewal action due to their failure to comply with the trial court's order to provide discovery responses to the defendants. See generally *Perry v. Jenkins*, 361 Ga. App. 70, 74 (1) (862 SE2d 734) (2021) (noting that "a proper application of abuse-of-discretion review recognizes that there is a range of possible conclusions the trial judge may reach and that this Court often will affirm a trial court ruling under an abuse-of-discretion standard even though we would have gone the other way had it been our call") (citation and punctuation omitted); *RLBB Acquisition*, 329 Ga. App. at 487 (observing, in a case affirming trial court's

dismissal of complaint due to failure to comply with discovery order, that while the "record shows that [plaintiff] made some efforts to comply with [defendant's] discovery requests, the same record also supports the conclusion that [plaintiff] acted in total disregard of the trial court's order granting the motion to compel and that [plaintiff] offered no excuse for that disregard"). Nor are Appellants rescued by their tardy response to The Howard School's discovery requests after it moved to dismiss the renewal action or compel discovery. See *Wright-Herman v. Fresh Start Constr. & Mgmt.*, 374 Ga. App. 236, 238 (1) (912 SE2d 101) (2025) ("[O]nce a motion for sanctions for failure to make discovery has been filed, the opposing party may not preclude their imposition by making a belated response.") (citation and punctuation omitted).

2. Next, relying upon *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 822-823 (4) (377 SE2d 901) (1989) (physical precedent only) and *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (1) (279 SE2d 261) (1981), Appellants argue that the trial court erred in dismissing their complaint because the defendants had already obtained full responses to their discovery requests in Appellants' original action in state court.

In view of the state of the record on appeal, we find no abuse of the trial court's discretion.

Unlike in *Williams*, where the discovery material from the original action "was properly introduced into the record" of the renewal action, 158 Ga. App. at 140 (1), or *Porter*, where there was "some evidence" that much of the requested information was obtained through discovery in another lawsuit between the parties, 189 Ga. App. at 822 (4), the record here does not contain *any* discovery responses by Appellants since the filing of the original action in March 2018.[5] As a result, Appellants' argument is unsupported since it is unclear from the record before us whether Appellants fully responded to the defendants' discovery requests in the original action.[6] "It is well established that the burden is on the party alleging error to show it

---

[5] As we noted previously, the only certificates of service in the record demonstrating any response to discovery by Appellants were filed after the trial court granted the defendants' motions to compel and after it dismissed Appellants' renewal action. Once again, Appellants' actual discovery responses are not included in the record.

[6] In a March 17, 2021 status report required by the trial court, the defendants acknowledged that "[s]ome written discovery from the original action can be used [in the renewal action] and some written discovery has been exchanged in [the renewal] action." However, the defendants also referenced "previous discovery disputes" and stated that "[t]he parties encountered several discovery disputes in the original action that required multiple interventions from the previous court." The record does not

affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000). Accordingly, we find no abuse of the trial court's discretion.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*

---

contain any response to the defendants' status report by the Appellants or an independent status report submitted by the Appellants.